**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 646 EAL 2015 |
| | : | |
| Respondent | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Memorandum and** |
| | : | **Order** of the Superior Court at No. 2544 |
| v. | : | EDA 2014 entered on October 15, 2015, |
| | : | **affirming** the Order of the Philadelphia |
| | : | County Court of Common Pleas at No. |
| JAVIER GONZALEZ, | : | CP-51-CR-0004027-2007 entered on |
| | : | July 21, 2014 |
| Petitioner | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 24th day of May, 2016, upon consideration of the Commonwealth's Answer to the Petition for Allowance of Appeal, filed in response to this Court's order of May 4, 2016 (see attached), and in view of the Commonwealth's agreement that the matter be remanded to the PCRA court for appointment of new PCRA counsel, the petition for allowance of appeal is **GRANTED**, the order of the Superior Court is **VACATED**, and the matter is **REMANDED** to the PCRA court for appointment of new PCRA counsel. The PCRA court is further ordered to direct new counsel to determine whether a colorable claim of counsel abandonment on direct appeal may be forwarded pursuant to *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), and if so, to file an amended PCRA petition raising that claim. Jurisdiction is relinquished.

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA,   :   No. 646 EAL 2015

                                 Respondent   :   Petition for Allowance of Appeal from

                                                 :   the Order of the Superior Court

                                       v.                       :

JAVIER GONZALEZ,                       :

                                Petitioner     :

## ORDER

**PER CURIAM**

**AND NOW**, this 4th day of May, 2016, the Court has for consideration the *pro se* petition for allowance of appeal in this matter. The Commonwealth has elected not to file an answer, as is its right to do without prejudice under Pa.R.A.P. 1116(a).

Upon review it appears that petitioner, who is serving a substantial sentence, defaulted his direct appeal due to counsel abandonment, and did not invoke his collateral review rights under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-9546, in a timely fashion. After petitioner filed a facially untimely *pro se* motion, PCRA counsel was appointed and filed an amended petition, which is not included in the present record.

In denying relief primarily on grounds of untimeliness, the PCRA court noted it had not granted counsel leave to amend the *pro se* pleading. Upon appeal, PCRA counsel was granted leave to withdraw, while identifying as a potential issue whether petitioner was entitled to PCRA review under the time-bar exception addressed in

*Commonwealth v Bennett*, 930 A.2d 1264 (Pa. 2007) (defendant claiming counsel effectively abandoned him on appeal may be entitled to application of exception to one-year PCRA time limitation). Petitioner was left to proceed *pro se* in the Superior Court.

A divided Superior Court panel denied relief, with the majority postulating, among other points, that as a matter of law, and even if assisted by new counsel, review was unavailable. Superior Court Majority Slip Op. at 11. The dissent responded by suggesting the proper course was appointment of new counsel for purposes of determining whether a colorable *Bennett* claim could be forwarded. Superior Court Dissenting Slip Op. at 1-3.

In his petition for allowance of appeal, petitioner now cites *Bennett* in support of his claim he should be entitled to a "limited extension" of the one-year PCRA time-bar in a situation that was beyond his control. Petition for Allowance of Appeal at 7. Under these unusual circumstances — including the counsel abandonment issues, the record deficiency, and the PCRA court's denial of amendment — it would be of benefit to the Court to have the views of the Commonwealth on whether a remand to the PCRA court for appointment of new counsel would be appropriate, to determine whether a colorable *Bennett* claim in fact can be forwarded (subject, of course, to any factual or legal defenses also available to the Commonwealth).

Accordingly, the Commonwealth is hereby directed to file an answer to the instant petition for allowance of appeal within 30 days.